**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

TREMEL MARQUIS ROSSER,

    Plaintiff,

    v.

LIEUTENANT GENERAL
WILLIAM J. HARTMAN, *et al.*,

    Defendants.

Case No. 2:25-cv-502

## <u>DISMISSAL ORDER</u>

Plaintiff Tremel Marquis Rosser, appearing *pro se*, filed an application to proceed *in forma pauperis*, i.e., without paying the filing fees ("IFP Application"), along with a proposed Complaint. ECF No. 1; ECF No. 1-1. Upon review of the financial information submitted by the plaintiff, the Court is satisfied that the plaintiff qualifies for *in forma pauperis* status. Accordingly, the plaintiff's IFP Application (ECF No. 1) is **GRANTED**, and the Clerk is **DIRECTED** to file the plaintiff's Complaint. However, for the reasons set forth below, this action is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## I.    THE COMPLAINT

In his Complaint, the plaintiff purports to assert a claim for relief against Lieutenant General William J. Hartman, Sara A. Carter, Susie Wiles, and David O. Sacks pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). ECF No. 1-1 at 1–6. However, the plaintiff's Complaint is

incomprehensible. *Id.* For example, in summarizing "the facts underlying [the plaintiff's] claim(s)," the plaintiff states:

> FOR THE LAST TEN YEARS. JUNE 2015 UNTIL 1/22/2025 LIVE IN MY HOUSE AT 1683 GUTHRIE ST VA BEACH, VA 23464. AS I CALL ALL YOULL OFFICES OF OFFICIAL USE GOVERNEMENT OFFICES USE OF YOULL JOB DESCRIPTION AND YOULL TURNUP OF RETIALITION AND ABDUCTION OF VIRGINIA BEACH POLICE FOR QUESTIONG YOULL. FALSE ARREST AND ABDUCTION TO PAVILLION WILLIAMBURG FACILITY AND VIRGINE BEACH JAIL. AND BEEN CALLING MAGISTRATE OF VIRGINIA BEACH LAST 5 YEARS HOW TO PRESS CHARGES. ALSO YOULL JETS PULLS NUCLEAR TRANSMISSION AND HOVER LIKE STAR. RECORDED FORENSIC F PAST HISTORY LIVE AND FUTURE FOREVER FORENSIC. TRAFFIC FORENSIC READING. AND GROSS NEGLECT DEFIANCE OF FEDERAL LAWS OF EVOLUTION ENDING.

*Id.* at 4 (errors and capitalization in original). Elsewhere in the Complaint, the plaintiff states:

> JUNE 2015. READING STARLINK USE AND LISTENING TO THE INTERNET POLICE. REVEALS STARTED OF MIND READING AND GHOST REVEAL IN MY HOUSE. AND SUBMIT TIP TO ALL GOVERNMENT AGENCIES UNTIL WAS RETIALITION TORTURE TURNUP USE OF ALL LIVE FORENSIC SIT IN MY HOUSE LIKE ANTENNA USE FOR ALL YOULL OFFICES AS I CALL. AND ACT LIKE NOTHING GOING, FOREVER HOLOCUAST AI FORENSIC OF EVIDENCE.

*Id.* (errors and capitalization in original).

## II.  DISCUSSION

When a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated to dismiss a complaint at any time if it determines that the

2

complaint is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). A claim is legally frivolous if it is based on an "indisputably meritless legal theory," or if a plaintiff would not be entitled to relief under any arguable construction of law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Boyce v. Alizaduh*, 595 F.2d 948, 952 (4th Cir. 1979). A complaint is considered factually frivolous if it contains "clearly baseless" allegations, which means allegations that are "fanciful," "fantastic," or "delusional." *Neitzke*, 490 U.S. at 325, 327–28. In determining whether a complaint states a claim upon which relief may be granted, the Court must analyze whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

After a thorough review of the plaintiff's Complaint, the Court finds that the allegations asserted therein are frivolous and fail to state any plausible claims for relief. The Court further finds that it would be futile to authorize the filing of an amendment. Accordingly, this case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

---

[1] In addition to this lawsuit, the plaintiff filed eight other *pro se* lawsuits in this Court in the past year, all of which were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). *See Rosser v. Wray*, No. 2:25-cv-40; *Rosser v. Armed Forces*, No. 2:25-cv-85; *Rosser v. Hall*, No. 2:25-cv-104; *Rosser v. Rubio*, No. 2:25-cv-118; *Rosser v. Musk*, No. 2:25-cv-158; *Rosser v. Neudigate*, No. 2:25-cv-416; *Rosser v. Patel*, No. 2:25-cv-486; *Rosser v. Bargery*, No. 2:25-cv-510. The plaintiff is **ADVISED** that the continued filing of frivolous lawsuits in this Court will lead to the imposition of filing restrictions and/or other sanctions.

The plaintiff may appeal this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within 60 days from the date of entry of this Dismissal Order.

The Clerk is **DIRECTED** to please send a copy of this Dismissal Order to the plaintiff.

**IT IS SO ORDERED.**

/s/

Jamar K. Walker
United States District Judge

Norfolk, Virginia
October 6, 2025

4